The Chief Justice
delivered the opinion of the Court.
*234 The action in this case was upon a promissory note executed by the defendant for the sum of $388 payable ninety days after date. The second count in the declaration includes the usual common counts. The plaintiff filed a special affidavit under the seventy-third rule, complying substantially with its terms. The defendant pleaded first, 1 ‘ That he did not promise as alleged, ’ ’ and second, ‘ ‘That he is not indebted as alleged, ’ ’ and filed a special affidavit in support thereof, in which he says, ' ‘ That he is the defendant in the above' entitled cause, and he denies the right of the plaintiff to recover the whole or any part of the sum claimed by the plaintiff in his declaration, and the grounds for his defense, which grounds he says are true in fact, are as follows: The plaintiffs’ sole alleged cause of action against the affiant in the premises is the certain promissory note named in the said declaration, and in the affidavit of said plaintiff accompanying the same; that said note was given in renewal by this affiant of a certain other note given by him to said plaintiff, the consideration whereof was certain goods, wares, and merchandise, to wit, whiskey sold by said plaintiff to the affiant; that said goods, wares, and merchandise were represented and warranted by said plaintiff to the affiant to be of a certain quality, and were bought by the affiant in reliance upon said warranty; and said goods, wares, and merchandise were not of the quality aforesaid, but of an inferior quality and not fit for the use and purpose for which, as the plaintiff well knew at the time of selling the same, the affiant purchased the same; and the affiant further says that at the time of giving the said note in renewal, as aforesaid, he had not discovered the inferiority of said goods, wares, and merchandise to the quality so as aforesaid represented and warranted, and the affiant accordingly says that said note was, and is, by reason of the premises, without consideration, and void.”
Thereupon the plaintiff moved for judgment for want of a sufficient affidavit of defense. The court sustained the motion and granted judgment to the plaintiff under the provisions of the seventy-third rule. The simple question presented to us is, whether or not the affidavit of the defendant in support of his pleas presented facts which would constitute such a sub *235 Stantial defense as that he ought to have been allowed to have a trial in the regular way. The rule that has been affirmed repeatedly by this court, with reference to cases arising under the seventy-third rule, is, not that the affidavit of a defendant shall set forth the facts pertaining to his defense with all of the strict particularity that would be required in a special pleading, but that he shall state such facts as reasonably show, fairly construed, that the defendant has a substantial defense to the whole or a part of the plaintiff’s demand. And that in construing the statements in the affidavit the court shall not construe them strictly with a view to sustaining a motion for judgment, but rather with liberality, with a view to giving the defendant the benefit of any doubt that may exist in the mind of the court, as to whether- or not the statement itself shows a substantial defense; in other words, the doubt is to be construed in favor of the defendant, instead of the plaintiff, under such circumstances. The affidavit distinctly sets forth that the note was given for the purchase of goods; that the sale of the goods was accompanied with a warranty by the plaintiff as to the quality of the goods, and to the effect that they were proper goods and sufficient for a certain purpose; that this purpose or use which the defendant intended to make of the goods was well known to the plaintiff at.the time of the sale, and that the goods were greatly inferior to the warranty; that the fact of this inferiority was well known to the plaintiff, that in fact they were wholly unfit for the use which the defendant purchased them for. Now, it is true that in this affidavit the defendant does not distinctly state, as he would in a special pleading, the exact amount of damage that he claims, except that he says that they are wholly unfit for the use for which he purchased the goods, and that the consideration for which the note was given has wholly failed. We do not think that we ought to require the defendant to state exactly what his damages may be, if it appears in the affidavit itself to our satisfaction, that he has set forth such facts, as, if proved, would establish a substantial defense to some part of the plaintiff’s cause of action. We think it would be a very rigid construction to *236 hold that the damages proven, if the facts be as stated, might be of such insignificant amount as to render the defense a scheme for delay; yet that would be the only condition on which the court would be authorized to sustain the motion for judgment. We think that the facts stated in the defendant’s affidavit indicate a substantial defense for a substantial proportion of the plaintiff’s cause of action, and that tlie pleas are sufficient to raise an issue as between the plaintiff and defendant, that ought to have been determined by a regular trial of the case.
We are, therefore, constrained to reverse the judgment of the court below, and remand the catise for further proceedings.